# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MOONBUG ENTERTAINMENT LTD.,

    Plaintiff,

v.                                        Case No:   6:24-cv-01876-CEM-LHP

BARRY DEAN LONG,

    Defendant

---

## ORDER

Before the Court is Plaintiff's Motion for Alternative Service of Process on Defendant Barry Dean Long d/b/a Kids Party Pros.  Doc. No. 15.  Plaintiff requests that the Court permit alternative service on Defendant by email and certified mail, or alternatively, by serving the Secretary of State pursuant to Fla. Stat. § 48.161(3), based on Plaintiff's contention that Defendant is evading service.  *Id.*  Plaintiff also requests a sixty (60) day extension of time to effect service.  *Id.*  Upon review, the motion (Doc. No. 15) will be **GRANTED in part and DENIED in part**, as set forth below.[1]

---

[1] The Court notes that the motion fails to comply with Local Rule 1.08.  Future filings that fail to comply with all applicable Local Rules may be stricken or summarily

According to the motion, although Plaintiff has been in contact with Defendant via Defendant's business email address, an email address at which receipt of the complaint was acknowledged as "forwarded to our legal representative," Doc. No. 15-1, at 5, Plaintiff has been unable to effect formal service of process. Doc. No. 15. Specifically, Plaintiff attempted service at Barry Dean Long's last known address on several occasions without success, and after conducting skip traces attempted service at two additional addresses without success after service was attempted on multiple occasions. *Id.* at 2–4; Doc. No. 15-1, at 31–39. Mr. Long's wife, Cassandra Long, confirmed with Plaintiff's counsel the proper address for Mr. Long, but Plaintiff attempted service at that address on multiple occasions to no avail. Doc. No. 15-1, at 2 ¶ 7; *id.* at 31–32, 38, 40–41. So, Plaintiff contends that Mr. Long is concealing his whereabouts to avoid service, rendering service by alternative means necessary and appropriate. Doc. No. 15, at 4–5.

As to Plaintiff's request for service on Mr. Long by email and/or certified mail, however, Plaintiff fails to support that request with citation to any applicable legal authority in support, and the Court will not further consider the request.[2]

---

denied without further notice. *See also* Doc. No. 7.

[2] The only case Plaintiff cites for email and/or certified mail service, *Identity Stronghold, LLC v. Zeidner*, No. 8:16-cv-0868-MSS-AAS, 2017 WL 11616431, at *16 (M.D. Fla. Mar. 27, 2017), concerns Federal Rule of Civil Procedure 4(f) and service on an individual

- 2 -

However, the Court finds Plaintiff's alternative request for service pursuant to Fla. Stat. § 48.161 well taken.

Pursuant to Federal Rule of Civil Procedure 4, Plaintiffs may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Florida law, under certain circumstances, permits service on a defendant concealing his or her whereabouts by serving the Florida Secretary of State:

> (1) When authorized by law, substituted service of process on a nonresident individual or a corporation or other business entity incorporated or formed under the laws of any other state, territory, or commonwealth, or the laws of any foreign country, may be made by sending a copy of the process to the office of the Secretary of State by personal delivery; by registered mail; by certified mail, return receipt requested; by use of a commercial firm regularly engaged in the business of document or package delivery; or by electronic transmission. The service is sufficient service on a party that has appointed or is deemed to have appointed the Secretary of State as such party's agent for service of process. The Secretary of State shall keep a record of all process served on the Secretary of State showing the day and hour of service.
>
> (2) Notice of service and a copy of the process must be sent forthwith by the party effectuating service or by such party's attorney by registered mail; by certified mail, return receipt requested; or by use of a commercial firm regularly engaged in the business of document or package delivery. In addition, if the parties have recently and regularly used e-mail or other electronic means to communicate between

---

in a foreign country, and has no application here. *Cf. Dixon v. Blanc*, 796 F. App'x 684, 688 (11th Cir. 2020) (cited as persuasive authority) ("[B]oth the Federal Rules and the Florida Rules generally permit service of process by certified mail only if the defendant agrees to waive personal service.").

themselves, the notice of service and a copy of the process must be sent by such electronic means or, if the party is being served by substituted service, the notice of service and a copy of the process must be served at such party's last known physical address and, if applicable, last known electronic address. The party effectuating service shall file proof of service or return receipts showing delivery to the other party by mail or courier and by electronic means, if electronic means were used, unless the party is actively refusing or rejecting the delivery of the notice. An affidavit of compliance of the party effectuating service or such party's attorney must be filed within 40 days after the date of service on the Secretary of State or within such additional time as the court allows. The affidavit of compliance must set forth the facts that justify substituted service under this section and that show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service under this section. The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance.

(3) When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service pursuant to subsection (1) in connection with any action in which the court has jurisdiction over such individual or business entity. The party seeking to effectuate service must also comply with subsection (2); however, a return receipt or other proof showing acceptance of receipt of the notice of service and a copy of the process by the concealed party need not be filed.

(4) The party effectuating service is considered to have used due diligence if that party:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
>
> (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and

> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. § 48.161(1)–(4).

Here, based on the representations in the motion and the related attachments, the Court finds that Plaintiff has provided sufficient explanation and evidence to establish due diligence and that substitute service is proper. *See, e.g.*, *Vega v. PBS Constr. LLC*, No. 6:23-cv-940-PGB-EJK, 2023 WL 6809633, at *3 (M.D. Fla. Oct. 16, 2023) (service on Florida Secretary of State on behalf of individual resident concealing whereabouts proper upon finding Plaintiff exercised diligence). Based thereon, the Court also finds Plaintiff's request for an extension of time for service of process well taken. *See id.*; Fed. R. Civ. P. 4(m).

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion for Alternative Service of Process on Defendant Barry Dean Long d/b/a Kids Party Pros (Doc. No. 15) is **GRANTED in part**, to the extent that Plaintiff may effect substitute service on Defendant Barry Dean Long pursuant to Fla. Stat. § 48.161.

2. The deadline for Plaintiff to effect service of process, and to comply with the statutory requirements of Fla. Stat. § 48.161 and file proof thereof as appropriate, is extended up to and including **May 5, 2025**.

3. Plaintiff's motion (Doc. No. 15) is **DENIED in all other respects**.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties