# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MOONBUG ENTERTAINMENT
LTD.,

    Plaintiff,

v.              Case No: 6:24-cv-1876-CEM-LHP

BARRY DEAN LONG,

    Defendant

_____

## ORDER

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION REQUESTED AGAINST DEFENDANT (Doc. No. 24)**
>
> **FILED:** **May 23, 2025**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

  On October 18, 2024, Plaintiff Moonbug Entertainment Limited filed a complaint against Defendant Barry Dean Long, an individual doing business as Kids Party Pros, alleging claims for trademark infringement, trade dress

infringement, and false designation of origin claims under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* (Counts 1-4); claims for trafficking in counterfeit services, under the Lanham Act and the Trademark Counterfeiting Act of 1984, 18 U.S.C. § 2320 (Counts 5-6); state law unfair competition claims, under the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes §§ 501.201 *et seq.* (Count 7); and copyright infringement claims, under the Copyright Act, 17 U.S.C. §§ 101, *et seq.* (Count 8-9).   Doc. No. 1.   Plaintiff ultimately served Defendant via substitute service, and Plaintiff did not answer or otherwise respond to the complaint, nor appear in this case.   Doc. Nos. 15-16, 19.   Clerk's default was therefore entered against Defendant on April 18, 2025.   Doc. Nos. 21-22.

Now before the Court is Plaintiff's above-styled motion, through which Plaintiff seeks default judgment in its favor as to some of the Lanham Act and Copyright Act claims (Counts 1-3, 8-9).   Doc. No. 24.   Plaintiff seeks entry of a permanent injunction, $100,000.00 in statutory fees, $53,893.35 in attorneys' fees, and $1,594.30 in costs.   *Id.*   Although Defendant was served with a copy of the motion, Defendant has not responded, and the time to do so has expired.   *See* Local Rule 3.01(d).   Upon review of the motion, and despite its unopposed status, the Court finds several issues that preclude granting at this juncture.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.   First, when a party against whom a judgment for

affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.   Fed. R. Civ. P. 55(a).   Second, after obtaining clerk's default, the plaintiff must move for default judgment.   Fed. R. Civ. P. 55(b).

Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.   *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[1]

If the plaintiff is entitled to default judgment, then the Court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment.   If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment.   *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008).   Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.   *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

district court to hold an evidentiary hearing to fix the amount of damages.  *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985).  However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

While it appears that Plaintiff has adequately established Defendant's liability as to the claims at issue, there are three issues with respect to Plaintiff's requested damages.  First, as to the permanent injunction, Plaintiff's motion discusses entitlement to such equitable relief, but does not discuss the propriety of the requested injunction itself.  Indeed, there is no mention of the terms of any requested injunction in the motion at all; rather it appears that Plaintiff wishes the Court to either utilize an attached proposed order, which violates Local Rule 3.01(k), or to parse through Plaintiff's complaint and determine if the language therein is legally permissible.  A renewed motion should provide explanation on this issue and clearly identify the scope of the requested injunction.

Second, Plaintiff requests $53,893.35 in attorneys' fees, and $1,594.30 in costs. Doc. No. 24, at 28-30.  However, to the extent Plaintiff seeks to address both

entitlement to and quantification of attorneys' fees in the same motion (for which Plaintiff has not requested the Court excuse the bifurcated process of Local Rule 7.01(a)), Plaintiff's motion fails to establish the reasonableness of these amounts.

Courts apply the federal lodestar approach to calculating the amount of a fee award under § 1117(a) and § 505, which is calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended. *See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1336 (11th Cir. 2001); *CarMax Auto Superstores, Inc. v. StarMax Fin., Inc.*, 192 F. Supp. 3d 1279, 1284 (M.D. Fla. 2016); *Bork v. Tran Huong Quynh*, No. 2:19-cv-354-FtM-38MRM, 2020 WL 6366189, at *1 (M.D. Fla. Oct. 14, 2020), *report and recommendation adopted*, 2020 WL 6363847 (M.D. Fla. Oct. 29, 2020). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"To determine the reasonableness of the fees requested, the court must first determine the number of hours reasonably expended on the litigation. The attorney fee applicant should present records detailing the amount of work performed." *See Ghost Controls, LLC, v. Gate1Access LLC.*, No. 5:20-cv-288-OC-37-PRL, 2020 WL 8309717, at *8 (M.D. Fla. Oct. 16, 2020), *report and recommendation adopted sub nom. Ghost Controls, LLC v. Gate1access LLC.*, No. 5:20-cv-288-OC-37-PRL, 2021 WL 50334 (M.D. Fla. Jan. 6, 2021). And a reasonable hourly rate for an

attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). *See also Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). The "relevant market" is "the place where the case is filed." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). To establish that the requested hourly rate is consistent with the prevailing market rate, the fee applicant must produce "satisfactory evidence" that "speak[s] to rates actually billed and paid in similar lawsuits." *Norman*, 836 F.2d at 1299. This requires "more than the affidavit of the attorney performing the work," and generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates. *Id.*

Plaintiff attaches the Declaration from one of its attorneys, Clarissa Sullivan, and copies of its attorneys' firm bios. Doc. No. 24-1, at 1-4, 27-39. This self-serving information does not speak to whether the rates requested by Plaintiff's attorneys – at least one of whom never appeared in this case and is not a member of the Florida Bar or the Middle District of Florida Bar – are customarily awarded to attorneys of similar experience performing similar work within the Middle District of Florida. The same absence of support applies to the rate requested for Plaintiff's paralegal. More problematic is that Plaintiff has failed to provide any

- 6 -

billing records for the requested 98.9 hours of attorney and paralegal time, rendering it impossible for the Court to assess the reasonableness of the requested hours. This causes the Court concern given that this case was not litigated beyond the filing of the complaint, obtaining substitute service, and moving for Clerk's default and default judgment.

Similar issues exist with respect to Plaintiff's requested $1,594.30 in costs. Other than the filing fee, Plaintiff has not provided any support for the requested costs; for example, there are no invoices, nor is there any explanation as to why Plaintiff would be entitled to any costs beyond those permitted by 28 U.S.C. § 1920. *See, e.g., Hosp. Int'l, Inc. v. Sitaram, Inc.*, No. 3:12-cv-01145-99-MMH, 2013 WL 6798927, at *10 (M.D. Fla. Dec. 23, 2013) ("Under 15 U.S.C. § 1117, a prevailing plaintiff is entitled to recover 'the costs of the action.' The term 'costs of the action' is not defined by the Lanham Act. However, the term has been interpreted as meaning the costs allowed under 28 U.S.C. § 1920." (citation omitted)); *Reiffer v. Legendary Journeys, Inc.*, No. 8:17-cv-2748-T-35AAS, 2019 WL 2029973, at *7 (M.D. Fla. Apr. 10, 2019), *report and recommendation adopted*, No. 8:17-cv-2748-MSS-AAS, 2019 WL 2029829 (M.D. Fla. May 2, 2019) (Under 17 U.S.C. § 505, a court "may also award 'recovery of full costs' to the prevailing party in a copyright action[,]" which has been interpreted to mean costs allowable under 28 U.S.C. § 1920); *Prepared Food Photos, Inc. v. Myrtle Beach VIP Party Bus, LLC*, No. 6:23-cv-122-RBD-LHP, 2023 WL

12019550, at *10 (M.D. Fla. Dec. 21, 2023), *report and recommendation adopted*, No. 6:23-cv-122-RBD-LHP, 2024 WL 280300 (M.D. Fla. Jan. 25, 2024) (awarding costs under the Copyright Act as limited by § 1920).

The absence of any argument, legal authority, or evidentiary support for the majority of the requested costs again makes it impossible for the Court to assess whether they are reasonable and/or recoverable. *See, e.g., BBY Sols., Inc. v. Livingstone*, No. 3:15-cv-1001-J-32JRK, 2016 WL 7668486, at *8 (M.D. Fla. Apr. 20, 2016), *report and recommendation adopted*, No. 3:15-cv-1001-J-32JRK, 2016 WL 7668487 (M.D. Fla. May 20, 2016) ("[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921, . . . so long as those costs do not exceed the cost of having the U.S. Marshal's Service effectuate service[.]" (citations and internal quotation marks omitted)); *Nicopure Labs, LLC v. Micronix Advanced Techs., Inc.*, No. 8:15-cv-1689-T-36TGW, 2016 WL 11783992, at *9 (M.D. Fla. May 25, 2016) (disallowing copying costs where plaintiff did not establish that the copying charges were "necessarily obtained for use in the case" as required by 28 U.S.C. § 1920(4)); *BayCare Health Sys., Inc. v. BayCare Health Mgmt. Corp.*, No. 8:18-cv-2380-T-60JSS, 2020 WL 571261, at *9 (M.D. Fla. Jan. 3, 2020), *report and recommendation adopted,* No. 8:18-cv-2380-T-60JSS, 2020 WL 468430 (M.D. Fla. Jan. 29, 2020) (shipping costs are not taxable under § 1920); *Ramirez v. Rosalia's Inc.*, No. 20-cv-23270, 2023 WL 3619292, at *5 (S.D. Fla.

May 23, 2023) (excluding skip trace fees from costs award where Plaintiff failed to present court with legal authority supporting taxation of such fees under § 1920).

Given these deficiencies, and to avoid piecemeal judgments, the Court finds that the better and most efficient course is to permit Plaintiff to file a renewed motion that fully supports all requested relief, including fees and costs. Accordingly, Plaintiff's motion (Doc. No. 24) is **DENIED WITHOUT PREJUDICE.** Within **thirty (30) days** from the date of this Order, Plaintiff shall file a renewed motion of no more than **thirty (30) pages** in length, with citation to legal authority and evidence in support, that establishes liability as to all claims at issue, as well as entitlement to all requested relief, and the amounts requested.  The Court will suspend application of the bifurcated process of Local Rule 7.01(a), *see* Local Rule 1.01(b), however, to the extent Plaintiff seeks recovery of attorneys' fees and costs, the motion must otherwise satisfy the federal lodestar standards and comply with Local Rule 7.01(c), as well as provide support and argument for any requested costs.

Plaintiff is advised that the renewed motion must be a standalone document and cannot incorporate by reference any prior filings.  *See* Local Rule 3.01(h). Unless Plaintiff obtains leave of Court, Plaintiff should not submit any proposed orders.  *See* Local Rule 3.01(k).  Plaintiff is further advised that the Court will recommend denial of any claim that is not properly addressed in the renewed

motion, as well as recommend denial of any requested form of relief (including fees and costs) that is not properly supported by legal argument and evidence.

      **DONE** and **ORDERED** in Orlando, Florida on December 8, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record